UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-00210-FDW-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| JULIAN JARED GILL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Objections, (Doc. No. 31), to the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 26). Defendant seeks review of the M&R's recommendation that this Court deny Defendant's Motion to Suppress Evidence, (Doc. No. 21). This matter is now ripe for review.

For the reasons set forth below, the M&R is AFFIRMED and ADOPTED; Defendant's Objections are OVERRULED IN PART; and Defendant's Motion to Suppress is DENIED.

## I. BACKGROUND

Defendant was indicted on January 20, 2022, on the charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). On January 20, 2023, Defendant filed the instant motion to suppress. The suppression motion seeks to suppress evidence taken from a blue cell phone seized on April 12, 2022, when Defendant was arrested and requests a Franks hearing to challenge the affidavit in support of the search warrant of that cell phone. In short, Defendant contends at the time the officers applied for a search warrant of the seized blue cell phone, the officers included information of a cell phone number that begins "980-273" when that is not the cell phone number for the blue phone seized. Defendant contends the search warrant affidavit

should have included information that Defendant was using a different phone number around the same time the phone was seized.  (Doc. No. 27, p. 6).

The magistrate judge conducted an evidentiary hearing on July 10, 2023. The magistrate judge issued the M&R to deny the motion to suppress and concluded Defendant was not entitled to a Franks hearing, (Doc. No. 26).  Defendant timely filed its Objections to the M&R, (Doc. No. 31).  The Government did not file a response to the Objections; however, this Court has reviewed the initial pleadings, as well as the evidence and argument presented by both parties during the hearing.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1).  See Fed. R. Crim. P. 59(b)(1).  A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy of the memorandum and recommendation.  28 U.S.C § 636(b)(1).  "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'"  Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.") (cleaned up).  "Frivolous, conclusive or general objections need not be considered by the district court."  Battle, 834 F.2d at 421 (quotation omitted).  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

2

Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.; see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005) (noting objections to an M&R "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result not only in the loss of *de novo* review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon careful review of the record, "The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Additionally, a reviewing court must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact. See McNairn v. Sullivan, 929 F.2d 974, 977 n. 3 (4th Cir. 1991); United States v. MacConnell, 2010 WL 3399166, *2 (W.D.N.C. 2010); United States v. Brooks, 2006 WL 695079 at *1 (W.D.N.C.2006). Some courts have explicitly adopted a deferential standard of review for credibility determinations when the magistrate judge heard the live testimony and observed the demeanor of the witnesses. See, e.g., United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005) ("In [making a de novo determination],

3

Case 3:22-cr-00210-FDW-SCR   Document 32   Filed 10/19/23   Page 3 of 7

the district court need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record.").

### III. ANALYSIS

At the outset, the Court notes that Defendant's Objections to the M&R appears to largely be the same—verbatim in some places—as his initial Motion to Suppress. Compare (Doc. No. 31) with (Doc. No. 21). Defendant submits several "Objections to Factual Findings," (Doc. No. 31, pp. 3-4); however, the "findings" to which Defendant objects are the M&R's *analysis* of the evidence or contain restatements of Defendant's arguments before that court and are therefore more appropriately characterized as conclusions of law. Furthermore, Defendant does not lodge specific factual objections to the summation of the evidence in the "Factual Background" section as laid out in the M&R, which contains specific citations to record and the hearing transcript. As such, it is difficult for this Court to glean the specific findings of the Memorandum and Recommendation to which Defendant objects beyond the general objections to certain statements. Having closely reviewed the M&R and the record, including the hearing transcript, the Court finds no clear error or plain error in the M&R's "Factual Background" section, overrules Defendant's "factual" objections, and adopts and incorporates by reference the M&R's "Factual Background" section, (Doc. No. 26, pp. 2-7).

Turning to Defendant's objections to the conclusions of law, Defendant objects to the M&R's legal findings that Defendant failed to make an appropriate showing or present any evidence that the officers violated his Fourth Amendment rights and the M&R's conclusion that Defendant was not entitled to a Franks hearing. In support of these objections, Defendant—as he argued before the magistrate judge—contends the search warrant omitted material information as a result of the officer's knowing, intentional, or with reckless disregard for the truth.

4

"A Franks hearing provides a criminal defendant with a narrow way to attack the validity" of a search-warrant affidavit. United States v. Moody, 931 F.3d 366, 370 (4th Cir. 2019). A defendant carries a heavy burden to justify the court conducting a Franks hearing:

> To obtain a Franks hearing, a defendant must make a substantial preliminary showing to overcome the presumption of validity with respect to the affidavit supporting the search warrant. When a defendant relies on an omission, this heavy burden is even harder to meet. In that situation, a defendant must provide a substantial preliminary showing that (1) law enforcement made an omission; (2) law enforcement made the omission knowingly and intentionally, or with reckless disregard for the truth, and (3) the inclusion of the omitted evidence in the affidavit would have defeated its probable cause. If the district court finds that a defendant has made this threshold showing, it must hold a Franks hearing to develop evidence on the affidavit's veracity. If after the hearing the defendant establishes perjury or reckless disregard by a preponderance of the evidence and shows that the inclusion of the omitted evidence would defeat the probable cause in the affidavit, the search warrant must be voided and the fruits of the search excluded.

United States v. Haas, 986 F.3d 467, 474 (4th Cir.) (cleaned up), cert. denied, 142 S. Ct. 292, 211 L. Ed. 2d 136 (2021); United States v. Clenney, 631 F.3d 658, 664 (4th Cir. 2011) (citation omitted) ("[T]he Franks threshold is even higher for defendants making claims of omissions rather affirmative false statements."). Where a defendant contends a Franks hearing is appropriate because of omissions in the warrant application process, the Fourth Circuit has explained:

> Franks clearly requires defendants to allege more than "intentional" omission in this weak sense. The mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit. Franks protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate.

United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990) (cleaned up).

Defendant contends a Franks hearing is appropriate here because the officers knew that immediately before his arrest, Defendant had been using a different phone number than the number the officers had connected to him. This argument was addressed cogently in the M&R. (Doc. No. 26, pp. 11-13), and Defendant makes no new contentions in his objections to the M&R that were

5

not also raised to and addressed by the magistrate judge. The Court agrees with the M&R that Defendant fails to present any evidence to show Detective Van Almen, who supplied the information for the search warrant application and affidavit, knew—either independently or from a conversation with other officers—about the additional phone numbers used by Defendant before the blue phone was seized. Furthermore, the Court declines Defendant's invitation to impute the knowledge of other officers to Detective Van Almen. See United States v. Pulley, 987 F.3d 370, 379 (4th Cir. 2021) ("The Franks inquiry is designed to identify intentionality or reckless disregard on the part of the affiant. An officer who does not personally know information cannot intentionally or recklessly omit it, and therefore the collective knowledge doctrine cannot apply in the Franks context."). As a result, Defendant has failed to make the substantial preliminary showing that Detective Van Almen knowingly and intentionally omitted this information, and he has not met his heavy burden to justify a Franks hearing.

Presuming Defendant could make the requisite showing of intentionality—as the M&R did—Defendant also fails to demonstrate the omitted information is material to the probable cause determination. Defendant contends, without much argument or citation to any authority, that Detective Van Almen's reliance on Defendant's use of the "980-273" cell phone number in the affidavit was necessary to the finding of probable cause and therefore demonstrates the materiality requirement. The affidavit referenced Defendant's phone number as "980-273" and indicated Detective Van Almen believed the seized blue phone was used during the commission of the offense and may have evidence related to the offense. (Doc. No. 21-1). Importantly, the affidavit *also* indicates the blue phone was seized during Defendant's arrest and identifies it as a "Blue iPhone 13" with reference to model and serial numbers. (Id.) Importantly, the Warrant specifically authorized the search of the "Blue iPhone 13" with the model and serial number matching the

6

Case 3:22-cr-00210-FDW-SCR   Document 32   Filed 10/19/23   Page 6 of 7

affidavit, and the Warrant did *not* authorize the search of a phone identified by phone number. (Id.). Accordingly, for these reasons, as well as those articulated in the M&R and supported by analogous case law, Defendant has not made the requisite materiality showing to warrant a Franks hearing.

As set forth above, the Court overrules Defendant's specific objections to the M&R. The M&R's remaining conclusions, therefore, are reviewed for clear error. In the absence of a specific, proper, and timely filed objection, the Court need not give any explanation for adopting the M&R. Diamond, 416 F.3d at 315; Camby, 718 F.2d at 200. Having carefully reviewed the M&R, the Court finds no clear error as to its findings and conclusions beyond those outlined above. Accordingly, this Court AFFIRMS the remainder of the M&R.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 26), is AFFIRMED and ADOPTED; Defendant's Objections to the M&R, (Doc. No. 31), are OVERRULED IN PART, and Defendant's Motion to Suppress, (Doc. No. 21), is DENIED.

**IT IS SO ORDERED.**

Signed: October 18, 2023

_____

Frank D. Whitney
United States District Judge